IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TEK CONSTRUCTION SERVICES,
LLC,

    Plaintiff,

                                            Case No. 2:16-cv-664

    v.                                         Magistrate Judge Elizabeth P. Deavers

PIONEER PIPE, INC.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Pioneer Pipe, Inc.'s Motion for Judgment as a Matter of Law and/or Motion for New Trial on the Issue of Unjust Enrichment (ECF No. 77), Plaintiff TEK Construction Services, LLC's Memorandum in Opposition (ECF No. 78), and Defendant Pioneer Pipe, Inc.'s Reply (ECF No. 81). For the reasons that follow, the Motion is **DENIED**.

**I.**

This diversity case involves a construction project ("the Project") preparing a drill pad ("Dehy Pad") for oil and gas production. (ECF No. 1; ECF No. 64 at 2–3.) The owner of the construction project, Blue Racer Midstream ("Blue Racer"), engaged Plaintiff TEK Construction Services, LLC ("TEK") a Pennsylvania limited liability company, to provide labor, materials, and other services for structural and civil installation services on the Project. (ECF No. 64 at 2–3.) Blue Racer also engaged Defendant Pioneer Pipe, Inc. ("Pioneer Pipe"), an Ohio corporation, as a contractor to provide mechanical and piping installation services on the Project. The

1

contract required Pioneer Pipe to install underground piping running from the Dehy Pad to the launcher/receivers that were located across an access road ("the Epic Access Road") in a trench ("the trench") to be excavated by TEK. (*Id*. at 3.) However, Eclipse Resources, an energy company that produces natural gas, would not permit Blue Racer to dig the trench across the Epic Access Road on June 16, 2014, because Eclipse Resources was in the process of fracking the wells located under another drill pad ("Weekender Pad"). (*Id*.) This action centers primarily on TEK's work completing a temporary access road ("the temporary access road") to Weekender Pad and excavation of the trench. (*Id*. at 2–4.) TEK alleges that Pioneer Pipe agreed to pay for the work but failed to do so. (ECF No. 1.) The Complaint asserts claims for breach of contract, intentional misrepresentation/fraud, unjust enrichment, promissory estoppel, and liability under a third-party beneficiary theory. (*Id*.) Pioneer Pipe denied liability, asserting a variety of defenses. (ECF No. 18.)

This action was tried before a jury on January 29 through January 31, 2018. (ECF Nos. 50, 64, 67, 68, 69.) During trial, Pioneer Pipe moved for a directed verdict on all claims and the Court granted judgment as a matter of law in Pioneer Pipe's favor on the third-party beneficiary claim. On January 31, 2018, the jury returned a unanimous verdict in favor of TEK on its quantum meruit/unjust enrichment claim and in Pioneer Pipe's favor on the remaining claims of breach of contract, promissory estoppel, and intentional misrepresentation/fraud. (ECF No. 70.) Thereafter, on February 28, 2018, Pioneer Pipe filed its Motion, moving for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 on the claim of unjust enrichment and moving for a new trial pursuant to Federal Rule of Civil Procedure 59(a). (ECF No. 77.) TEK has opposed Pioneer Pipe's Motion. (ECF No. 78.) With the filing of Pioneer Pipe's reply memorandum (ECF No. 81), this matter is ripe for resolution.

2

**II.**

Rule 50 provides, in relevant part, that following the denial of a motion of judgment as a matter of law under Rule 50(a) the movant may, within twenty-eight days after the entry of judgment, file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. Fed. R. Civ. P. 50(b). Upon such motion, the court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id*. "'In diversity cases, when a Rule 50 motion for judgment as a matter of law is based on a challenge to the sufficiency of the evidence, this Court applies the standard of review used by the courts of the state whose substantive law governs the action.'" *Tompkins v. Crown Corr, Inc*., 726 F.3d 830, 844 (6th Cir. 2013) (quoting *Kusens v. Pascal Co., Inc*., 448 F.3d 349, 360 (6th Cir. 2006)). Under Ohio law, the standard of review is as follows:

> The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.

*Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 742 (6th Cir. 1999) (quoting *Gladon v. Greater Cleveland Reg'l Transit Auth*., 662 N.E.2d 287, 294 (Ohio 1996)); *see also id*. at 741 (stating that "this standard is not substantially different from that used under Rule 50(b) of the Federal Rules of Civil Procedure"). A Rule 50 motion "will be granted only if, after considering the evidence in this light, there can be but one reasonable conclusion as to the proper verdict." *Kusens v. Pascal Co., Inc*., 448 F.3d 349, 360 (6th Cir. 2006) (citations omitted); *see also*

3

*Benaugh v. Ohio Civil Rights Comm'n*, No. 1:04-cv-306, 2007 WL 1795305, at *1 (S.D. Ohio June 19, 2007) ("Thus, the jury verdict must be affirmed 'unless this Court is left with the definite and firm conviction that a mistake resulting in plain injustice has been committed, or . . . the verdict is contrary to all reason.'") (quoting *Patton v. Sears, Roebuck & Co.*, 234 F.3d 1269, 2000 WL 1681017, *4 (6th Cir. 2000)).

Pioneer Pipe also moves for a new trial pursuant to Rule 59(a). Unlike judgment as a matter of law, "[t]he authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court." *Williamson v. Owens-Illinois, Inc.*, 787 F.2d 594, 1986 WL 16533 at *3 (6th Cir. 1986) (quoting 11 Wright & Miller, Federal Practice and Procedure, § 2806 (1973)); *see also Clarksville–Montgomery Cty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 1002 (6th Cir. 1991) ("District courts are afforded broad discretion in deciding whether to grant a motion for a new trial."). Under Rule 59(a), a court, upon motion, may grant a new trial on all or some issues (and to any party) where, *inter alia*, "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A).

> [A] new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias.

*Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 606 (6th Cir. 2018) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996)).

**III.**

In moving for judgment as a matter of law or for a new trial, Pioneer Pipe argues that the only conclusion that can be drawn from the record is that there is insufficient evidence for finding in TEK's favor on its unjust enrichment claim. (ECF No. 77.) In so arguing, Pioneer Pipe specifically contends TEK's unjust enrichment claim fails as a matter of law because there is no evidence that Pioneer Pipe retained a direct benefit. (*Id.* at 7–9; ECF No. 81 at 1–5.) Pioneer Pipe also contends that the only evidence of a benefit is that Pioneer Pipe did not have to fulfill an alleged promise to pay for the temporary access road. (ECF No. 77 at 8; ECF No. 81 at 2–5.) According to Pioneer Pipe, however, the jury rejected this theory of an alleged benefit when the jury found for Pioneer Pipe on TEK's claim of promissory estoppel, arguing as follows:

> The only evidence presented by Plaintiff regarding the benefit retained by Pioneer Pipe was that Pioneer Pipe did not have to fulfill an alleged promise to pay for the temporary access road. However, *the jury indicates its rejection of the notion that there was a promise to pay relied upon by Plaintiff in their findings for Pioneer Pipe on Plaintiffs claims of promissory estoppel*.
>
> We have a situation where the jury found there was insufficient evidence for a claim of promissory estoppel. Plaintiff hinged their entire unjust enrichment argument around this promise to pay. *The jury found insufficient evidence for that promise to pay*, thus there is not any conceivable way wherein one could find unjust enrichment based upon an unfounded promise to pay.
>
> Construing the limited evidence of unjust enrichment presented by Plaintiff in Plaintiffs favor, there is only one reasonable conclusion to draw once the jury rejects promissory estoppel. There can be no unjust enrichment, as Plaintiff presented the claim, without a finding for Plaintiff on the promise to pay. This is the only conclusion that can be drawn on unjust enrichment if there is insufficient evidence for promissory estoppel. *Insufficient evidence on promissory estoppel mandates a finding for Pioneer Pipe on the unjust enrichment claims*.

(ECF No. 77 at 8–10 (emphasis added); *see also* ECF No. 81 at 2 ("The only potential explanation [of a benefit] proffered by Plaintiff at trial was not having to fulfill the promise to

pay, which was rejected.")

Pioneer Pipe's arguments are not well taken. Prior to trial, the parties, in accordance with the Court's Order (ECF No. 50), submitted, *inter alia*, proposed joint jury instructions. (ECF No. 51.) These instructions, jointly proposed and agreed upon by both parties, included the following instructions on promissory estoppel and quantum meruit/unjust enrichment, which the Court accepted and gave to the jury:

> **Proposed Preliminary Instruction No. 4**
> **Promissory Estoppel**
>
> Plaintiff further claims that the defendant is prevented from denying a contract existed between them based upon promissory estoppel.
>
> In order to find promissory estoppel, you must find by the greater weight of the evidence that:
>
> (A) the defendant promised to the plaintiff that it would pay plaintiff for building the temporary access road and for backfilling the trench with Plan B materials; and
>
> (B) the defendant should reasonably have expected the plaintiff to rely on the promise by actually building the temporary access road and backfilling the trench with Plan B materials; and
>
> (C) the plaintiff actually constructed the temporary access road and backfilled the trench with Plan B materials in reliance upon defendant's promise to pay plaintiff for the work. . . .
>
> . . . .
>
> **Proposed Preliminary Instruction No. 7**
> **Quantum Meruit/Unjust Enrichment**
>
> Even if you find that that a contract did not exist between plaintiff and defendant, plaintiff may still recover the reasonable value of the work, labor and materials that it provided to build the temporary access road and backfill the trench for the benefit of the defendant based on a claim of unjust enrichment. Under a claim of unjust enrichment, Plaintiff may recover the reasonable value of this work, labor, and materials if you find by the greater weight of the evidence that:

(A) the plaintiff furnished the work, labor, and materials to build the temporary access road and backfill the trench for the defendant's benefit and with the defendant's knowledge; and

(B) the defendant knew or should have known that the work, labor, and materials to build the temporary access road and backfill the trench were provided with the expectation of payment of reasonable value; and

(C) the defendant had a reasonable opportunity to prevent the plaintiff from providing the work, labor, and materials to build the temporary access road and backfill the trench prior to them being rendered by the plaintiff.

(ECF No. 51 at PAGEID ## 172, 175.)

As set forth above, the parties agreed that the jury had to find by the greater weight of the evidence that three elements exist for TEK to prevail on its promissory estoppel claim. (*Id*. at PAGEID # 172.) While Pioneer Pipe asserts that the jury did not find that there existed a promise to pay, *i.e.*, the first element, there is no way of knowing which of the three elements of TEK's promissory estoppel claim the jury found lacking. Pioneer Pipe assumes that the jury did not find that the first element (promise to pay) existed, but the jury could have found one of the other two elements of the promissory estoppel claim was lacking. In short, Pioneer Pipe does not know the jury's basis for finding in TEK's favor on this claim.

Moreover, the jury instruction as to quantum meruit/unjust enrichment agreed to by Pioneer Pipe requires that the jury find, *inter alia*, that TEK "furnished the work, labor, and materials to build the temporary access road and backfill the trench *for the defendant's benefit and with the defendant's knowledge[.]*" (ECF No. 51 at PAGEID # 175 (emphasis added).) While Pioneer Pipe now argues that TEK's unjust enrichment claim requires a "retention of the benefit" (ECF No. 77 at 7–8, 10) and that the claim fails because there was no evidence of this, the jury instruction on this claim—agreed to and proposed by Pioneer Pipe—contains no such "retention" language. (ECF No. 51 at PAGEID # 175.) In any event, in finding for TEK on this

claim, the jury necessarily found that TEK's work, labor, and materials to build the temporary access road were for Pioneer Pipe's "benefit."

The Court concludes that there is sufficient evidence in the record to support the jury's verdict in TEK's favor on this claim. For example, the jury heard testimony from David Koon, a civil consultant who represented Eclipse Resources, Aric Schafer, Pioneer Pipe's general foreman, and George Harakel, TEK's president, and the jury received documentary evidence that Pioneer Pipe acted as a *de facto* general contractor to TEK and directed and controlled TEK's work on the temporary access road and the trench excavation. Notably, Mr. Koon, who attended a meeting on June 13, 2014, with representatives from TEK (Frank Fanelli, TEK's superintendent) and Pioneer Pipe (Aric Schafer), confirmed in an email the discussion and agreement that Pioneer Pipe was in charge of this work and that Pioneer Pipe would absorb any and all costs incurred. (Trial Exhibit P-M; *see also* Joint Exhibits A, B.) The trial evidence was uncontroverted that TEK performed this work and was not paid by Pioneer Pipe for this work. While Mike Archer, Pioneer Pipe's president and CEO, denied that Pioneer Pipe acted as a general contractor to TEK and denied that Pioneer Pipe benefitted from this relationship, the temporary access road, or trench excavation, the jury clearly credited the contrary evidence. (*Id*.)[1]

Construing all of this evidence in a light most favorable TEK, the nonmoving party, the Court cannot say that the only reasonable conclusion is that the jury should have found for Pioneer Pipe on the unjust enrichment claim, *see Kusens*, 448 F.3d at 360; *Super Sulky, Inc.*, 174

---

[1] In addition, Mr. Archer further testified that Pioneer Pipe could not complete its scope of work for Blue Racer if TEK did not complete TEK's work for Blue Racer. While Mr. Archer denied that Pioneer Pipe had any responsibility to Blue Racer for any excavation work, a work order from Blue Racer to Pioneer Pipe dated April 7, 2014, required Blue Racer to provide some excavation services on the Project. (Trial Exhibit P-B.) Mr. Archer admitted that TEK was the only one that did any excavation work.

8

F.3d at 742, or that the verdict in TEK's favor on this claim is "contrary to all reason." *Benaugh*, 2007 WL 1795305, at *1 (internal quotation marks omitted). To conclude otherwise would require this Court to disregard evidence and accept Pioneer Pipe's version of the facts and otherwise make prohibited-credibility determinations. *Super Sulky, Inc.*, 174 F.3d at 742; *Futhey v. United Transp. Union Ins. Ass'n*, No. 1:14-cv-463, 2017 WL 1296887, at *1 (N.D. Ohio Feb. 10, 2017) (stating that the district court is not free to weigh the evidence, evaluate witness credibility, or substitute its own judgment for that of the jury); *Watershed Mgt. v. Neff*, 20 N.E.3d 1011, 1025 (Ohio Ct. App. 2014) ("In doing so [ruling on a motion for judgment notwithstanding the verdict], a trial court may not weigh the evidence or judge witness credibility."). Similarly, based on the present record discussed above, the Court cannot say that the jury's verdict in TEK's favor on the unjust enrichment claim was against the weight of the evidence. Fed. R. Civ. P. 59(a); *Mosby-Meachem*, 883 F.3d at 606.

Finally, to the extent that Pioneer Pipe's contention that "[i]nsufficient evidence on promissory estoppel mandates a finding for Pioneer Pipe on the unjust enrichment claims" (ECF No. 77 at 8) suggests that one of these claims cannot survive without the other, that argument is not well taken. These claims are not interdependent. *See*, *e.g.*, *Tekfor, Inc. v. SMS Meer Service, Inc.*, No. 5:12–cv–1341, 2013 WL 774176, at *4 (N.D. Ohio Feb. 25, 2013) (stating that the plaintiff "cannot ultimately recover under both theories [promissory estoppel and unjust enrichment], but may plead both in the alternative"); *Ortega v. Wells Fargo Bank, N.A.*, No. 3:11-cv-01734, 2012 WL 275055, at *11–12 (N.D. Ohio Jan. 31, 2012) (granting motion to dismiss as to promissory estoppel claims, but denying motion as to unjust enrichment claim).

## III.

For the foregoing reasons, Defendant Pioneer Pipe, Inc.'s Motion for Judgment as a Matter of Law and/or Motion for New Trial on the Issue of Unjust Enrichment (ECF No. 77) is **DENIED**.

**IT IS SO ORDERED.**

Date: August 27, 2018 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE