IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TEK CONSTRUCTION SERVICES, LLC,

    Plaintiff,

                              Case No. 2:16-cv-664

    v.                        Magistrate Judge Elizabeth P. Deavers

PIONEER PIPE, INC.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff TEK Construction Services, LLC's Motion for Prejudgment Interest (ECF No. 71), Defendant Pioneer Pipe, Inc.'s Response in Opposition (ECF No. 73), and Plaintiff TEK Construction Services, LLC's Reply Memorandum (ECF No. 74). For the reasons that follow, the Motion is **GRANTED**.

## I.

This diversity case involves a construction project ("the Project") preparing a drill pad ("Dehy Pad") for oil and gas production. (ECF No. 1; ECF No. 64 at 2–3.) The owner of the construction project, Blue Racer Midstream ("Blue Racer"), engaged Plaintiff TEK Construction Services, LLC ("TEK") a Pennsylvania limited liability company, to provide labor, materials, and other services for structural and civil installation services on the Project. (ECF No. 64 at 2–3.) Blue Racer also engaged Defendant Pioneer Pipe, Inc. ("Pioneer Pipe"), an Ohio corporation, as a contractor to provide mechanical and piping installation services on the Project, including the installation of the underground piping running from the Dehy Pad to the launcher/receivers

1

that were located across an access road ("the Epic Access Road") in a trench ("the trench") to be excavated by TEK.  (*Id*. at 3.)  However, Eclipse Resources, an energy company that produces natural gas, would not permit Blue Racer to dig the trench across the Epic Access Road on June 16, 2014, because Eclipse Resources was in the process of fracking the wells located under another drill pad ("Weekender Pad").  (*Id*.)  This action centers primarily on TEK's work completing a temporary access road ("the temporary access road") to Weekender Pad and excavation of the trench.  (*Id*. at 2–4.)  TEK alleges that Pioneer Pipe agreed to pay for the work but failed to do so.  (ECF No. 1.)  The Complaint asserts claims for breach of contract, intentional misrepresentation/fraud, unjust enrichment, promissory estoppel, and liability under a third-party beneficiary theory.  (*Id*.)  Pioneer Pipe denied liability, asserting a variety of defenses.  (ECF No. 18.)

This action was tried before a jury on January 29 through January 31, 2018.  (ECF Nos. 50, 64, 67, 68, 69.)  During trial, Pioneer Pipe moved for a directed verdict on all claims and the Court granted judgment as a matter of law in Pioneer Pipe's favor on the third-party beneficiary claim.  On January 31, 2018, the jury returned a unanimous verdict in favor of TEK on its quantum meruit/unjust enrichment claim in the amount of $99,430 and in Pioneer Pipe's favor on the remaining claims of breach of contract, promissory estoppel, and intentional misrepresentation/fraud.  (ECF No. 70.)  Thereafter, Pioneer Pipe moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 on the claim of unjust enrichment and moved for a new trial pursuant to Federal Rule of Civil Procedure 59(a).  (ECF No. 77.)  On August 27, 2018, the Court denied Pioneer Pipe's Motion for Judgment as a Matter of Law and/or Motion for New Trial.  (ECF No. 82.)

TEK has moved for prejudgment interest in the amount of $11,829.68 on the award of $99,430 (ECF No. 71), which Pioneer Pipe opposes (ECF No. 73). After TEK filed its reply (ECF No. 74), the Court met with the parties to determine if they could settle the issue of prejudgment interest. (ECF Nos. 83, 84.) The parties, however, reached impasse and were unable to resolve this matter. TEK's Motion for Prejudgment Interest is therefore ripe for resolution.

## II.

The parties agree, as does this Court, that Ohio law and Ohio's prejudgment interest statute, Ohio Revised Code § 1343.03, govern an award, if any, of prejudgment interest in this diversity case. (ECF Nos. 71, 73, 74); *see also F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000). Section 1343.03 provides in pertinent part as follows:

> [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code . . . .

O.R.C. § 1343.03(A). Prejudgment interest "compensate[s] the plaintiff 'for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based upon a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court.'" *Quest Workforce Sol., LLC v. Job1USA, Inc.*, Nos. L-17-1194, L-17-1246, 2018-Ohio-3304, ¶ 26, 2018 WL 3954310, at *5 (Ohio Ct. App. Aug. 17, 2018) (quoting *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St.3d 110, 117 (1995)). In determining whether to award prejudgment interest under Section 1343.03, "a court need only ask one question: Has the aggrieved party been fully compensated?" *Royal Elec. Constr. Corp.*, 73 Ohio St. at 116.

3

Finally, the interest rate for calendar years 2014, 2015, and 2016 is 3%, and the rate for calendar years 2017 and 2018 is 4%. O.R.C. § 5703.47; ECF No. 71-1.

**III.**

**A.    Prejudgment Interest on a Claim for Unjust Enrichment**

In opposing an award of prejudgment interest in this case, Pioneer Pipe first argues that Ohio courts are divided as to whether prejudgment interest is available on an unjust enrichment claim. (ECF No. 73 at 1–4 (collecting cases).)  In so arguing, Pioneer Pipe specifically contends that Ohio courts rejecting requests for prejudgment interest on claims for unjust enrichment apparently rely on the fact that there is no privity of contract—either oral or implied—between the parties. (*Id.*)  According to Pioneer Pipe, these courts rely on the statutory language of Section 1343.03(A), "which requires that the contract be either written or verbal, with no statutory language addressing claims arising by operation of law in a quasi-contractual situation like an unjust enrichment claim." (*Id.* at 2.)  Pioneer Pipe therefore takes the position that there was no verbal or implied contract in this case because "the jury held there was no oral contract and further no implied contract based on the promise to pay contained in David Koon's email (i.e. [sic] no promissory estoppel)[.]" (*Id.*)

Pioneer Pipe's arguments are not well taken.  As TEK points out in reply (ECF No. 74), the United States Court of Appeals for the Sixth Circuit recognized the split in Ohio authority, analyzed the same arguments advanced by Pioneer, and concluded that Ohio law authorizes prejudgment interest on quasi-contract claims, such as unjust enrichment.  *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 741 (2016).  In so concluding, the Sixth Circuit noted that the line of Ohio cases finding that Section 1343.03 does not allow for prejudgment interest on quasi-contract claims "rests upon an interpretation of the 'verbal contracts' portion of the statute

4

[O.R.C. § 1343.03], which Ohio courts have held requires privity, and privity does not exist when an action arises by operation of law (as in quasi-contract)." *Cranpark*, 821 F.3d at 741 (collecting cases). In contrast, the Ohio cases that do permit prejudgment interest on quasi-contract claims "rest on the section of § 1343.03(A) that allows prejudgment interest on 'judgments . . . arising out of [. . . ] a contract or other transaction.'" *Id*. (quoting O.R.C. § 1343.03(A) and citing *Desai v. Franklin*, 177 Ohio App.3d 679, 695–96 (Ohio Ct. App. 2008)). The Sixth Circuit reasoned that, as a matter of law, the latter argument is "better" and concluded that "Ohio law does allow for prejudgment interest on quasi-contract claims like promissory estoppel." *Id*.

Based on this reasoning and authority, this Court finds that Ohio law and Ohio Revised Code § 1343.03 permit an award of prejudgment interest on TEK's unjust enrichment claim in this case. *Id*.; *see also J-Way Leasing, Ltd. v. Am. Bridge Co*., No. 1:07 CV 3031, 2010 WL 703077, at *2 (N.D. Ohio Feb. 23, 2010) ("[This Court finds that Ohio courts have permitted prejudgment interest awards on claims of quantum meruit or unjust enrichment[.]") (citations omitted).[1]

**B.     Calculation of Prejudgment Interest**

The parties next dispute the relevant dates for calculating the amount of prejudgment interest. TEK argues that the prejudgment interest should be calculated from July 31, 2014 (the "2014 Accrual Date"), to the entry of judgment on the jury verdict in favor of TEK and against Pioneer Pipe on January 31, 2018, resulting in an award of $11,829.68. (ECF No. 71 at 2.) TEK

---

[1] Pioneer Pipe also contends that the "unique findings" and "unique circumstances" in this case weigh against an award of prejudgment interest in this case. (ECF No. 73 at 4.) Pioneer Pipe specifically contends that the jury verdict finding against TEK on its promissory estoppel and the evidence at trial undermine any conclusion that TEK conferred a benefit on Pioneer Pipe. (*Id*.) For the reasons more fully discussed in the prior Opinion and Order (ECF No. 82), the Court rejects this argument.

explains that the 2014 Accrual Date is the date of TEK's Change Order Request No. 6 ("Change Order No. 6"), which describes the labor, equipment, and materials for building the temporary access road and excavating and backfilling the trench and provides a total of those costs in the amount of $99,430. (ECF No. 71 at 2 (citing Trial Exhibit P-Q (copy of Change Order No. 6)).)

Pioneer Pipe disagrees and contends that it is uncontroverted that Change Order No. 6 was never sent to Pioneer Pipe on July 31, 2014, and that the accrual date should be January 9, 2015 (the "2015 Accrual Date"), which is the date that Change Order No. 6 was first sent to Pioneer Pipe. (ECF No. 73 at 5 (citing Trial Exhibits D-B (copy of Change Order No. 6) and P-T (email dated January 9, 2015, attaching copy of Change Order No. 6).) TEK, however, insists that the amount was due after Plaintiff completed the work detailed in Change Order No. 6. (ECF No. 74 at 2.) TEK contends that it is indisputable that Pioneer Pipe retained and had the use of the $99,430 that should have been paid to TEK over three and a half years ago. (*Id.*)

TEK's arguments are well taken. As previously discussed, the award of prejudgment interest to TEK is compensation for the period of time between accrual of the claim and the judgment, "regardless of whether the judgment is based upon a claim which was liquidated or unliquidated and *even if the sum due was not capable of ascertainment until determined by the court*." *Royal Elec. Constr. Corp.*, 73 Ohio St.3d at 117 (emphasis added). In determining the appropriate accrual date, the Court notes that a "cause of action for unjust enrichment, or quantum meruit, accrues on the date that money is retained under circumstances where it would be unjust to do so." *J-Way Leasing, Ltd.*, 2010 WL 703077, at *3. Here, there is no dispute that TEK completed the work by July 31, 2014. (Trial Exhibits P-Q, D-B.) Pioneer Pipe should have paid TEK for this work at that time, but Pioneer Pipe instead retained the money. Based on this record, the Court finds that TEK will only be fully compensated by applying the 2014 Accrual

6

Date at the rate reflected in O.R.C. §§ 1343.03 and 5703.47, and as in TEK's attached worksheet (ECF Nos. 71-1, 71-2). *See J-Way Leasing, Ltd.*, 2010 WL 703077, at *3 (awarding prejudgment interest in a quantum meruit / unjust enrichment case with an accrual date when the work was substantially completed).

Pioneer Pipe goes on to argue that the unavailability of a witness, David Koon, due to a life-threatening sickness effectively stayed this case for several months. (ECF No. 73 at 5 (noting that TEK's counsel learned of Mr. Koon's illness on March 1, 2017, and that Mr. Koon was not deposed until October 5, 2017).) Pioneer Pipe contends that equity requires that the delay resulting from Mr. Koon's health issues should not be counted towards an award of prejudgment interest. (*Id.* at 5–6.) Although the Court is sympathetic to Pioneer Pipe's argument and agrees that Mr. Koon's health and concomitant unavailability delayed proceedings in this case, Pioneer Pipe has cited no authority to support its position. (*See id.*) The Court also notes that there is no exception in the relevant statutory language. *See* O.R.C. § 1343.03(A). Based on the present record, the Court is therefore left with the determination that an award of prejudgment interest on the jury verdict award of $99,430 for the period of July 31, 2014 (date of Change Order No. 6), through January 31, 2018 (date of the jury verdict) will fully compensate TEK. *See Royal Elec. Constr. Corp.*, 73 Ohio St.3d at 116; *J-Way Leasing, Ltd.*, 2010 WL 703077, at *3.

## IV.

For the foregoing reasons, Plaintiff TEK Construction Services, LLC's Motion for Prejudgment Interest (ECF No. 71) is **GRANTED**. Plaintiff is **AWARDED** prejudgment interest in the amount of $11,829.68, resulting in a total award of $111,259.68 (verdict in the amount of $99,430 plus prejudgment interest in the amount of $11,829.68).

**IT IS SO ORDERED.**

Date: September 12, 2018 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE